IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

BRIAN D. DEGORSKI,

       Petitioner,      OPINION AND ORDER

v.

                   21-cv-609-wmc

LIZZIE TEGELS,

       Respondent.

On September 27, 2021, Petitioner Brian D. Degorski filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging a judgment of conviction in Marathon County Circuit Court, Case No. 2011CF000451, and has paid the $5 filing fee. Before the court is Degorski's motion to stay the petition and hold it in abeyance so that he can exhaust his state court remedies with respect to claims he did not raise in his state court direct appeal.  (Dkt. #2.)  Before the court can rule on Degorski's motion, however, he will need to file a supplement providing additional information about his unexhausted claims.

BACKGROUND

On April 28, 2016, following a jury trial, Degorski was found guilty of repeated sexual assault of a child in violation of Wis. Stat. § 948.025(1).  Degorski appealed on the ground that the trial court erred by admitting other acts evidence and testimony concerning prior consistent statements the victim made to a sheriff's deputy.  The Wisconsin Court of Appeals rejected those arguments and affirmed his conviction, *State v. Degorski*, 2019 WI App 1, 385 Wis. 2d 211, 923 N.W.2d 170 (Nov. 27, 2018), and the Wisconsin Supreme

Court denied his petition for review on April 9, 2019, *State v. Degorski*, 2019 WI 49, 386 Wis. 2d 523, 927 N.W.2d 912. Degorski did not file a petition for certiorari in the United States Supreme Court.

Degorski's one-year statute of limitations to file the instant petition in federal court started to run on July 8, 2019, which was 90 days after the Wisconsin Supreme Court denied his petition for review, and was therefore set to expire on July 8, 2020. *See Anderson v. Litscher*, 281 F.3d 672, 674-75 (7th Cir. 2002) (the one-year federal habeas statute of limitations begins to run, if certiorari was not sought, when all direct criminal appeals in the state system are concluded, followed by the expiration of the time allotted for filling a petition for writ). Approximately 13 days before that federal deadline, on June 25, 2020, Degorski filed a habeas corpus petition in the Wisconsin Court of Appeals pursuant to *State v. Knight*, 168 Wis. 2d 509, 484 N.W.2d 540 (1992). Degorski asserted two grounds for relief: (1) ineffective assistance of appellate counsel for failing to argue on direct appeal that certain other acts evidence was unfairly prejudicial and (2) a due process challenge to Wisconsin courts' application of the greater latitude rule when considering the admissibility of other acts evidence in sex crime cases. (Dkt. ##1 at 4, 2 at 2.) His *Knight* petition was denied ex parte on April 15, 2021, and the Wisconsin Supreme Court denied his petition for review on September 14, 2021. *See Degorski v. Tegels*, Appeal No. 2020AP001086-W, available at https://wscca.wicourts.gov (last visited April 4, 2022). Assuming that Degorski's *Knight* petition tolled the one-year federal statute of limitations, he had at that point approximately 13 days to file his federal habeas petition. *See* 22 U.S.C. § 2244(d)(2) (a properly filed motion for post-conviction relief in state court tolls the one-

year federal habeas statute of limitations). Degorski's federal habeas petition is dated September 23, 2021, and was docketed in this court on September 27, 2021.

OPINION

Degorski includes four claims for relief in his petition: (1) the trial court erred and violated his right to a fair trial by allowing testimony concerning prior consistent statements the victim made to a sheriff's deputy; (2) appellate counsel provided ineffective assistance by failing to argue that certain other acts evidence was unfairly prejudicial; (3) Wisconsin courts' application of the greater latitude rule in deciding to admit other acts evidence in sex crime cases violates the right to a fair trial; and (4) jury bias. It appears that the first three grounds were reviewed and rejected by the Wisconsin Supreme Court, and are likely exhausted, whereas the fourth claim was not. Petitioner would now like to pursue his jury bias claim and an ineffective assistance of trial and post-conviction counsel claim in state court via a Wis. Stat. § 974.06 motion before proceeding on his federal habeas petition. (Dkt. #2 at 2.)

Courts may stay a so-called "mixed petition" -- a petition containing both exhausted and unexhausted claims -- in situations in which outright dismissal of the petition could jeopardize the petitioner's ability to file a timely habeas petition on the unexhausted claims later. *Rhines v. Weber*, 544 U.S. 269, 275, 277 (2005). In *Rhines*, the United States Supreme Court recognized that the interplay between AEDPA's one-year statute of limitations and the total exhaustion requirement of *Rose v. Lundy*, 455 U.S. 509 (1982), creates a risk that a petitioner who comes to federal court with a "mixed petition" might

3

"forever los[e] [the] opportunity for any federal review of [the] unexhausted claims." *Id.* at 275. That risk is present here where it appears that petitioner's federal habeas clock has expired. *See id.* at 274-75 ("the filing of a petition for habeas corpus in federal court does not toll the statute of limitations").

Although the Supreme Court recognized that the issuance of a stay is a way to reduce this risk, it held that the procedure should be employed "only in limited circumstances" so as not to undermine AEDPA's twin goals of encouraging finality of state court judgments and encouraging petitioners to seek relief from the state courts in the first instance. *Id.* at 277. A stay is thus available if there was good cause for petitioner's failure to exhaust his claims in state court in the first place, the unexhausted claims are potentially meritorious, and petitioner does not appear to be engaging in abusive litigation tactics or intentional delay. *Id.* at 277-78.

There is no indication that petitioner has engaged in intentionally dilatory litigation tactics. However, the court cannot evaluate from petitioner's filings to date whether there is good cause for his failure to exhaust all his claims, or whether the unexhausted claims are potentially meritorious. That is because petitioner provides no information regarding the substance of his jury bias or ineffective assistance of trial and post-conviction counsel claims, assuming these claims are unrelated. Indeed, the petition references appellate counsel's alleged failings on direct appeal, not those of trial and post-conviction counsel in the circuit court, and simply states on page 13 that he seeks review of his conviction based on "jury bias" with no supporting facts or any additional information whatsoever. (Dkt. #1 at 9, 13-15.) Petitioner's motion sheds no further light on either issue to allow the

4

court to determine whether they have potential merit. Nor does petitioner give any reason why he did not seek to exhaust these claims in state court before now.

Rather than deny petitioner's motion outright, the court will allow him 30 days to file a supplement addressing these questions. If petitioner fails to timely file a supplement by the deadline indicated below, the court will deny his motion for a stay and evaluate the petition under Rule 4.

ORDER

IT IS ORDERED that petitioner Brian D. Degorski may have until **May 16, 2022**, to file a supplement addressing the deficiencies outlined above.

Entered this 14th day of April, 2022.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge